ALBANY,
February, 1809.

Delancey
v.
Brownell.

---

### DELANCEY, assignee, &c. *against* J. BROWNELL and S. BROWNELL.

The courts of common pleas may set aside a regular judgment by default, where there has been any fraud, or surprise, especially in a bail-bond suit.

W. EVERTSON moved for a rule on the court of *common pleas*, of *Dutchess* county, to show cause why a *mandamus* should not issue, commanding them to vacate a rule entered in that court, setting aside a judgment and execution in this cause, which was an action on a *bail-bond* in that court. From the affidavits which were read, the following facts appeared. *J. Brownell*, having been arrested in the court below, gave bail to the sheriff, and special bail not having been put in, the plaintiff commenced the action on the *bail-bond*. The writ was returnable in *March* term, 1808, and the sheriff returned the defendants taken. In *June*, term, 1808, a final judgment was entered, and perfected, and in *July* following, a *fieri facias* issued. In *October* term, 1808, the defendants moved the court below to set aside the judgment and execution, upon terms. The

affidavits on which the notice was founded, stated that the writ in the original action, was returnable in *January* term, 1808, and that *S. Brownell* was bail to the sheriff; that some time before *March* term, the plaintiff informed the defendant, that he did not intend to prosecute the suit any further; and in *March* term, again told the defendant that he would not further prosecute the suit against him. From what the plaintiff said to him, the defendant supposed that special bail would not be necessary in the original suit, and he so informed *S. Brownell*, the bail to the sheriff. The suit on the *bail-bond*, was commenced a short time before the *March* term, but the bail to the sheriff, in consequence of the information of the defendant, that the plaintiff had promised to stop all further proceedings, which he believed to be true, omitted to enter special bail, and pay the costs of the *bail-bond* suit, as he, otherwise, would have done. Neither the defendant in the original action, nor the bail, knew that a judgment had been entered on the *bail-bond*, or of any further proceedings in the suit after the *March* term, until the execution. The writ of inquiry in the original suit, was executed in *June* term, but the defendant had no notice of it.

The plaintiff produced a counter affidavit, in which he denied that he had any conversation with the defendant, that would justify the allegations, in the defendant's affidavits, and that he never promised, or told the defendant that he would stop the suit against him, or the *bail-bond* suit. No attorney was employed by the defendant in the original suit.

On reading these affidavits, the court below ordered the judgment and execution to be set aside, on payment of the costs in the *bail-bond* suit, and filing special bail in the original action. It appeared, that there was a rule of the court below, which had existed for several years, that no private agreement, or consent, between the parties, in respect to the proceedings in a cause, should be alleged, unless in writing, and signed by them. In giving their reasons for setting aside the judgment, the court below

ALBANY,
February, 1809.

Delancey
v.
Brownell.

declared that they should not regard the rule, as they could repeal it, and that if the rule was in force, still the case then before them was founded in the mistake and misapprehension of the defendants, and the rule was not applicable.

*Evertson* contended, that the court of *common pleas* had no power to set aside a regular verdict, and grant a new trial, nor could they set aside a regular judgment; whether that judgment be on a *bail-bond*, or in any other suit. He cited *The People* v. *The Justices of Chenango*, and *The People* v. *The Justices of Delaware*,* to show the powers of the courts of sessions, and common pleas; and that a *mandamus* was the proper remedy in this case.

*1 Johns. Cases, 179. 181.

*Foot*, contra.

KENT, Ch. J. delivered the opinion of the court.    An application for a *mandamus*, is an application to the discretion of the court, who are bound to grant, or refuse it, according to the exigency and justice of the case.

The court below set aside upon terms, a regular judgment by default upon a *bail-bond*.    It appears by the affidavits, upon which the rule of the court below setting aside the judgment was obtained, that the judgment was set aside on the ground of surprise; and the affidavits conclusively establish that fact, as respects the bail.    There are peculiar and strong circumstances, arising out of this case, to induce this court to look with a favourable eye upon the exercise of the power below.    It was a case of *bail*, who are always tenderly regarded by the courts, and it was in a *bail-bond suit*, in which the court had an equitable jurisdiction given them by statute; for in such suits they are authorised to give such relief to the bail, as is agreeable to justice, and every rule giving relief, is to have the nature and effect of a *defeasance* to the bond.    With respect to the facts disclosed to the court below, I cannot divest my mind of the impression, after a careful examination of the affidavits on both sides, that there is colour to

infer that the bail, and the defendant in the original action, were intentionally lulled to sleep by the plaintiff, until a judgment by default was obtained. Another feature in the case is, that the application below for relief, was made at the first opportunity, after the discovery of the judgment; and I cannot but think that this court would have exercised a similar power, in granting relief under the like circumstances.

It is, however, contended, that the court of common pleas had no power to set aside a regular judgment by default. It would be cause of regret, if no such power existed, for without it, there would often be a manifest failure of justice. But independent of the equitable jurisdiction, given in these suits upon *bail-bonds*, the courts of common pleas have such power. They cannot, in general, set aside a verdict, except for irregularity; but that restriction does not apply to judgments by default. In the case of *Bayly* v. *Boorne*, (*Str.* 392.) the court of *K. B.* said, that whether an inferior court should be allowed to exercise their discretion, in setting aside judgments, where the plaintiff was regular, was a question which deserved consideration; but they expressly admitted, that the court might set aside the judgment, if there was evidence of fraud or surprise. *Lord Mansfield*, afterwards, (1 *Burr.* 571.) in speaking of the words, used by the court in that case, viz: " that it was a question that deserved consideration," said, that there was no precedent, or authority, to the contrary of their having such a power; and that it was a power necessary to the exercise of judicature, and very different from the case of setting aside verdicts; and the court then unanimously declared, that an inferior court, had power to set aside a regular interlocutory judgment, in order to let in the merits. The case then before the court, was a case of an interlocutory judgment, but there is no distinction taken, nor any ground for a distinction, between a judgment by default, in a case sounding in damages, and a judgment by default in an action of debt. The only restriction imposed upon the inferior courts, on this subject, respects the verdicts of juries.

We are accordingly of opinion, that the court below had power to set aside the judgment in question, and that under the particular circumstances of the case, that power was not unduly exercised. The motion for a *mandamus*, is therefore denied.

Motion denied.