### GOULARD vs. CASTILLON.

Where a report of referees is set aside, on motion, and is sent back to the referees for revision and correction, if the referees go beyond correcting the errors complained of on the motion to set aside the report, and re-open the case as to other items, they are bound to hear additional testimony, if offered.

The correct and regular practice requires an application to set aside the report of referees, to be made, in the first instance, to the court which ordered the reference.

Every court possessing authority to appoint referees, has the inherent right to review their proceedings, and is the only appropriate tribunal for that purpose. No appeal, therefore, will lie from the judgment of an inferior court, for errors committed by referees, unless that court has first refused to correct them.

THIS was an appeal from the judgment entered in the city court of Brooklyn on the report of referees, in a suit by the plaintiff against the defendant as his assignee. The cause was referred, by that court, to three referees, who made a report in favor of the plaintiff, which, on the application of the defendant, was set aside by the court below, who ordered the report to be referred back to the referees for the purpose of reviewing the same. The referees reviewed their former report, and made a second report in favor of the plaintiff, for more than double the amount of their first report. The facts in relation to the proceedings of the referees in making their second report, are sufficiently stated in the opinion of the court.

*E. H. Owen,* for the appellant.

*Crist & Hurst,* for the respondent.

*By the Court,* BARCULO, J. This cause was referred by the city court of Brooklyn, to three referees, who made a report in favor of the plaintiff, for $443,46. The defendant then moved, upon a case, to set aside the report; and that court sent back the report for revision and correction. The referees again met, and reviewed their report, and deducted from the plaintiff's claim an item of $400. They also proceeded to re-examine the other

parts of the report, to which no exception had been taken; and they allowed to the plaintiff an item of $450, and an item of $150, making $600, which, on the first hearing, had been disallowed. They also deducted from the defendant's allowance, the sum of $200, and gave the plaintiff the benefit thereof, although he had not excepted. They accordingly, in their second report, found due to the plaintiff the sum of $907,42. The result of the whole matter is simply this : The plaintiff first obtained a report for $443,46, with which he was legally satisfied; the defendant, for good cause, gets the report set aside ; and the referees admit the correctness of that decision by deducting $400 from the amount allowed in the first report; they then proceed, without further evidence, to allow other items against the defendant, and finally report more than twice the amount of the former finding ; thus giving the party who did not except, the whole benefit of the exceptions.

If there was nothing more in the case, it would be very difficult to sustain this second report upon any principle of law or justice. But the error which stands out most distinctly, and upon which we base our decision, is the refusal of the referees to hear the further testimony offered by the defendant. We consider it quite clear that if they went beyond correcting the errors complained of on the first motion to set aside the report, and re-opened the case as to other items, they were bound to hear additional testimony. It is for their ruling in this respect that the judgment is *reversed.*

A question has been raised, whether we can review a judgment upon the report of referees, before it has been passed upon by the court below. We have no doubt that the correct and regular practice requires the application to set aside the report to be made, in the first instance, to the court which ordered the reference. Every court possessing authority to appoint referees, has the inherent right to review their proceedings, and is the only appropriate tribunal for that purpose. No appeal, therefore, will lie from the judgment of an inferior court for errors committed by referees, unless that court has first refused to correct them.

Carpenter *v.* Stilwell.

But this printed case does not show what the facts are, in regard to this point. We presumed that the report had been regularly passed upon by the court below, until the contrary was suggested by the counsel during the argument. Nor do we feel disposed, now, in view of the character of this report, in the absence of record evidence, to listen to an oral suggestion and admission of that kind, after the counsel have come here to argue the cause upon its merits. If the cause was improperly here, some other mode should have been adopted to get it off the calendar. At the same time, we wish it to be distinctly understood, that this decision is not to be taken as a precedent for appealing directly to this court from the report of referees in an inferior court; but parties are to pursue the usual course of applying, first to the court which ordered the reference, to correct any errors committed by the referees.

Judgment reversed.

[KINGS GENERAL TERM, October 6, 1851. *Morse, Barculo* and *Brown,* Justices.]