CHARLES BAZILLE, Appellant, *vs.* JOSEPH ULLMAN, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY, FROM A JUDGMENT ENTERED UPON REFEREE'S REPORT.

Questions arising upon exceptions to the ruling of a Referee in a case tried before him, cannot be examined on appeal to this Court unless they are strictly matter of record, or are presented by case or bill of exceptions prepared according to the statute.

The Referee should, in all cases, pass upon all the material issues; and when no evidence is given in support of a defence, he should find it against the defendant, for that reason, but not overlook it in his report. He should also find the facts and conclusions of law separately.

Where errors occur in the report of a Referee, by reason of omissions to find the facts and conclusions of law separately, or failing to pass upon all the material issues, an application should be made to the District Court to send it back to the Referee with orders to supply the deficiency.

The facts appear in the Opinion of the Court.

The following are the points relied on by the Appellant:

*First.* The Referee erred in letting in proof of the handwriting of the subscribing witness without showing due diligence in an effort to procure (him) the witness.

No foundation was laid for the introduction of secondary testimony. 19 *Wendall*, 162.

*Second.* The Referee erred in letting in proof of the handwriting of the subscribing witness without first showing that the witness knew the Defendant whose signature was being proved, whose signature the Plaintiff sought to prove. There is no evidence identifying this Defendant as the person who signed his name on the back of the promissory notes as surety. 1 *Greenl. Ev.* Sec. 575.

*Third.* The Referee erred in admitting the notes to be introduced as evidence against the Defendant, on the ground that the signature of endorsement is not made by the Defendant, and does not purport to be on its face, and is not in due form of law, and not written as it should be when a party cannot write his own name. *Vide* folio 23.

*Fourth.* Also in admitting the testimony of the witness Blum, when it did not appear who was debtor or who was creditor; on the ground that it does not appear that a party to the suit told witness " that one was debtor and one creditor," and on the ground that the testimony was too indefinite. *Vide* folio 30.

*Fifth.* The Referee erred in not passing upon all the issues presented by the pleadings in this action, as required by the statute. He erred in not passing upon the fact:

1. The fact that the Plaintiff made and entered into a valid agreement with the Defendant to take $150 for the notes mentioned in the said complaint;

2. That the Plaintiff made and entered into a valid agreement with the Defendant to take his promissory note for $150 as a full consideration for the purchase of said notes.

3. And whether or not the Plaintiff did take the Defendant's promissory note for $150, in full discharge of his liability upon said notes.

4. Whether or not the Plaintiff did not, in the month of December or January, enter into an agreement with the Defendant to take his promissory note for $150, and surrender and deliver up to the Defendant the said promissory notes in consideration therefor.

*Sixth.* There is no proof that Weidman (the witness) had had any authority to sign the Defendant's (Bazille) name.

*Seventh.* There is no proof of the delivery by the surety, as endorser to the payee of said notes.

*Eighth.* The denial on oath by Defendant of the genuineness of his signature puts the *onus* upon the Plaintiff to prove all that is necessary to bind the surety or obligor.

*Ninth.* When the endorser or maker of a promissory note cannot write his name, and it is written by another, authority to do so must be shown affirmatively, and the person whose name is written should be clearly identified.

*Tenth.* If no diligence is used to procure the testimony of the person who signs the obligor's name (the obligor not being able to write), it raises a presumption, and excites suspicion of fraud. *Greenl. Ev.* Sec. 1, p. 575, and notes.

[ The points and authorities of the Respondent's counsel are not on file.]

MURRAY & KING, Counsel for Appellant.

J. & C. D. GILFILLAN, Counsel for Respondent.

*By the Court.*—C. E. FLANDRAU, J.   The cause of action set out in the complaint is against the Defendant as endorser of two promissory notes made by one Louis La Croix, and endorsed by the Defendant.   The answer attempts to put some of the allegations of the complaint in issue, but fails so to do, and leaves the material facts admitted, but as a second defence sets up that the Plaintiff before the commencement of the action, offered to sell the notes to the Defendant for one hundred and fifty dollars, which offer the Defendant accepted, and executed and delivered to the Plaintiff his promissory note for the amount, and the Plaintiff agreed to deliver up the notes on which the Defendant was endorser, but did not.   The reply denies that the Plaintiff made such offer, or that the Defendant accepted it, or that the Plaintiff agreed to give up the notes, or has refused or neglected to do so, but does not deny that the Defendant made and delivered to him his promissory note for one hundred and fifty dollars.   The issue then is that made by the answer and reply, and which, if found to be true, must entitle the Defendant to judgment.

The case was by consent referred to a sole referee, to hear and determine all the issues, and to report to the Court with all convenient speed.

The case was tried and the referee reported as facts, that the Defendant signed the notes, that they have not been paid, and the amount is due on them to the Plaintiff.

He then "certifies and reports as conclusions of law by referee in said action, the following, to wit," but instead of stating any conclusions of law, he gives the testimony in the case with the objections of counsel and his ruling on them, all of which appears to have reference to the signing of the name of the Defendant on the note.   Not a word is said in the whole report either by way of evidence, fact or conclusion, about the defence set up in the answer, nor are we told whether the report contains all, or part of the evidence, or proceedings, but as to the defence we are left in doubt.   The Defendant appeals to this Court from the judgment entered on the report, and attempts to have a review of the exceptions made on the trial to the admission of evidence, on the statement of them in the referee's report.   The Plaintiff insists that he is not bound by

any statement of evidence and exceptions which the referee may report, as he is entitled to assist in the preparation of them in the way of amendments to a bill proposed. We refused on the argument to hear any questions so presented, as they were no part of the report properly, and decided that the only way to present such questions as were not strictly matter of record, was by case or bill of exceptions properly prepared.

The Defendant further insists that the Referee should have passed upon the whole issue, and that the report should be set aside for this error.

"The report of the Referee upon the whole issue stands as the decision of the Court, and judgment may be entered in the same manner as if the action had been tried by the Court, and their decision may be excepted to and reversed in the same manner," &c. *R. S. page* 358 *Sec.* 54. When an issue of fact is tried by the Court, the decision must state the facts and conclusions of law separately. *R. S. page* 356, *Sec.* 41.

There may be some doubt whether under this Statute the Referee is bound to state his facts found, and his conclusions of law consequent upon the facts, separately, and we will examine the question in reference to the holding in New York on the same subject.

The Code of 1857, *Voorhies 5th Rev. Edition*, 355, *Sec.* 272, makes it the duty of the Referee to find the facts and conclusions of law separately as in a decision by the Court under the Minnesota Code, and provides as in our Code that the Report of the Referee upon the whole issue shall stand as the decision of the Court. In providing for the decision of the Court it simply says that "upon a trial of an issue of fact by the Court its decision shall be given in writing and filed with the Clerk, &c." It will be seen that this is merely a reversal of the same provisions in our Code imposing the duty of a special finding upon the Referees while we require it of the Court. But it will answer our purpose to ascertain what has been held as to the requisites of the finding of the Court under this provision. There is some conflict of decision, yet in several well considered opinions it is held that the Court should find the material issues specifically. *Hand J. in Gilchrist vs. Stephenson* 7. *How. Pr. R.* 274, thinks this is the better practice. *Hurlburt,*

*J. in Doke vs. Peck,* 1 *Code Rep.* 54, thinks the Court should draw up a special verdict, or the finding should contain the facts of a special verdict.

In *Sand vs. Church,* 2 *Selden,* 347, the Court tried the case and gave the decision orally; no exception to this was taken but Edmunds, J. says that the decision should always place it beyond doubt what is the precise point decided.

In *Burger vs. Baker,* 4 *Abb. Pr. R.* 13, Emott J. says "The Court should determine the issues made by the pleadings so far as they are material, and express and record not merely a direction to enter a judgment but a decision that the Plaintiff has established this or that proposition or claim, as for instance," and he gives the fact that should have been found in that case.

There is every reason why a Referee should incorporate the facts and conclusions of law in his Report as well as the Court; the record should be more perfect, and the parties better situated to protect their rights. [The Referee in this case evidently so construed the Statute because he begins to find the facts, and after stating a few, perhaps sufficient to entitle the Plaintiff to recover were there no other issue, he gives us the evidence upon which those facts were found as his conclusions of law.

The Referee should pass upon all the material issues made by the pleadings. The case *Hulse vs. Sherman & Humphrey,* 13 *How Pr. R.* 411, is very much like the present case on this point. There the Referee had found for the Plaintiff, but had not said any thing about the defence, omitting wholly to pass upon that issue. The Court entertained no doubt about the error in the Report, but thought the practice settled that the correct way of proceeding in such cases was by an application to the Court who appointed the Referee to send the Report back for correction, and if they refused an appeal would lie from the order refusing. They however reversed the judgment, as the defendant had been misled by a former decision of the Court, and sent the case back to the Referee for that cause. There is very little doubt as to the correctness of this practice, as stated by the Court in this case, *Sec.* 12 *W. R.* 291; 6 *How,* *Pr. R.* 492; 12 *Barb.* 126, 127; 2 *Sand. R.* 641; 4 *Ib.* 691; 1 *Code R.* 54, 61, 121; 1 *Whit. Pr.* 714; *therein cited.*

We think the Referee should in all cases pass upon all the material issues, and when no evidence is given in support of a defence he should find it against the defendant, for that reason, but not overlook it entirely in his report.   He should also, under the statute, find the facts and conclusions of law separately, as is required of the Court in similar cases.

As the question seems to be new under our statute, and there are *reasons why* it should not be sent back to the Referee, we will grant the Plaintiff a new trial in such manner—by reference or otherwise—as the Court below shall direct; but it must not be regarded as a precedent.   On the question of practice in correcting such error in the report of a Referee, the application should be first made to the Court below to send it back to the Referee with orders to supply the omissions.

The judgment is reversed, and a new trial allowed.