THE PEOPLE, *ex rel* Arms, *vs.* AUSTIN and others.

The mayor's court of the city of Albany has power to grant new trials, or to set aside a judgment on the merits entered on the report of a referee.

THIS was a motion to set aside the writ of prohibition issued in this case, forbidding the mayor's court of Albany to proceed to hear the argument on a motion, or to set aside the judgment entered in that court upon the report of a referee. The writ was granted by Justice PECKHAM without a particular examination, on the assumed ground that the mayor's court had no power to grant such a motion.

*S. F. Higgins*, for the motion.

*H. Smith*, opposed.

PECKHAM, J. The mayor's court in the city of Albany, established under the city charter, was declared to be a court of common pleas for said city. (3 *R. S.* 317. *City Laws*, 273, § 34.) Courts of common pleas had power expressly granted by statute to grant new trials, &c. (2 *R. S.* 208, § 1.)

That courts of common pleas had power to grant new trials was adjudged in *Delancey* v. *Brownell*, (4 *John.* 136;) also to set aside reports of referees. (*Ex parte Bassett*, 2 *Cowen*,

458.) And see, as to their powers, 3 *Caines' Rep.* 38; 5 *Cranch,* 173; *Foot* v. *Stevens,* (17 *Wend.* 483.)

The only question in the case is, whether the code has changed the powers of that court and deprived it of the right to grant new trials, or set aside a judgment on the merits entered on the report of a referee.

I understood the counsel for the relator to insist, at first, that the mayor's court had no power in any case to grant a new trial on the merits, citing, among other cases, 12 *Wend.* 221; 8 *Cowen,* 134; *People* v. *Dalton,* (15 *Wend.* 584;) and referring to sec. 33 of the code as to the jurisdiction of that court. Subsequently I understood him to concede that the court had such power, as to cases tried by a jury. If that were so, there would be no remedy whatever as to a report of a referee, in that court, against evidence. This court could not set it aside upon any such ground, on appeal. I do not think the legislature would intentionally have made such an alteration of the law, or would have made any such discrimination between referees in this court and in a mayor's court. The report of a referee in this court being open to review on the facts, while it is thus held conclusive if the case be pending and the referee be appointed in a mayor's court, no reason can be assigned for such a distinction.

I do not think section 268 of the code applies to mayors' courts. Its phraseology is not adapted to them. It speaks of appealing to the "general term of the same court" for review, when there is no such thing as a general term, as distinguished from a special term, in that court. And section 348, to which it refers as prescribing the mode of the appeal, &c., applies in terms exclusively to courts other than mayors' courts—to courts having general terms. It is true that section 8 makes these two, (§§ 268 and 348,) with a great many others, applicable generally to all mayors' courts, as well as to the supreme court. But applicable so far as they fit—so far as they may be applied—certainly not more than that. How can section 348 be applicable to mayors'

courts, generally, when the courts to which it applies, alone, are named in the section?

Section 323, I think, has no application to this case. That was intended, obviously, simply to substitute appeals for writs of error, and should be construed in reference to its plain purpose, and limited to that. It has been lately settled in the court of appeals that the mayor's court is the only tribunal having power to review a judgment there upon questions of fact. (*Thurber* v. *Townsend*, 22 *N. Y. Rep.* 517 And see 12 *Barb.* 126.)

The writ must be set aside, but without costs, as the question is somewhat new, under the code, and the provisions are not entirely clear. If the plaintiffs wish to review this decision, proceedings may be stayed until the hearing of the appeal, provided they perfect their appeal within ten days after service of the order made herein.

[ALBANY SPECIAL TERM, December 29, 1863. *Peckham*, Justice.]