JAMES DOWNING, Appellant, *v.* ROBERT R. STILL, Administrator of DANIEL THATCHER *et al.*, Respondents.

1. *Practice, Civil — Judgment, irregularity of, when may be set aside.* — In general a court will not correct or set aside its judgments except at the term when they are rendered. But, under the authorities and the statute (Gen. Stat. 1855, ch. 172, § 26), a judgment may be set aside for irregularity at any subsequent term within three years from its rendition.

2. *Practice, Civil — Judgment for plaintiff, when set aside.* — A party who is injured by a judgment is entitled to relief by the usual modes, whether the form of the judgment be for him or against him. The usual proceeding against irregularities is by motion. When such motion will lie he should not be driven to a higher court, but the tribunal where the wrong was done should furnish the relief, even where the judgment was in his favor. Where it was apparent that judgment in favor of plaintiff was rendered at his instance, with knowledge on his part of its irregularity, he should, perhaps, in punishment of his fraud, be left to make what he could out of his invalid judgment; but his knowledge of such irregularity should be made to appear clearly.

3. *Execution — Sale, irregularities of sheriff in, may be set aside.* — Even if the proceedings in obtaining judgment were regular, or, being irregular, it were held that the plaintiff could not disturb them, yet if the execution sale were irregular, and the irregularity were alone on the part of the sheriff, the sale should be set aside.

4. *Practice, Civil — Voluntary judgment, by which plaintiff is defrauded of his rights, set aside, how.* — A party in whose favor a voluntary judgment has been entered, but so loosely and irregularly as to defraud him of his rights, may have the judgment set aside; and the proper proceeding for that purpose is by motion, and not by a bill in equity.

5. *Practice, Civil — Execution, irregularities in — Purchasers at, notice to — Non-appearance of parties.* — If a party who is properly in court and has knowledge of the process desires to set aside an execution sale for error or causes not appearing of record, he must act at the return term of the execution. After, by his silence, he has suffered the sheriff to deed the property, and the rights of third parties have intervened, his acquiescence is presumed. But if the proceedings in obtaining the judgment or in effecting the sale be irregular, the purchaser buys with notice thereof. Nor does the rule apply where there is no actual appearance of the party, and where the proceedings are without his knowledge.

*Appeal from Fourth District Court.*

*Burgess,* for appellant.

I. The order of publication made by the clerk ordered the notice to be published in the "Union Flag," while the publisher

makes affidavit that it was published in the "Weekly Flag," not the same paper.

II. Notice to the defendants of the suit was inserted in the paper one day before the petition was filed in the office of the clerk of the Circuit Court of Putnam county; consequently, the same was without authority, void, and of no effect. (R. C. 1855, p. 1224, § 13.) In cases of this kind the statute must be strictly pursued. (Drake, Adm'r, v. Hale, 38 Mo. 346.)

III. The action being commenced by publication, it was not commenced in fact until the expiration of the time limited by the order; and as the defendant, Daniel N. Thatcher, died during the publication and before its completion, the proceedings were at an end. (Tiffany v. Smith, N. Y. Pr. 217; Moore v. Thayer, 6 How. Pr. 47; 3 Code Rep. 176.) A judgment rendered without notice is void. (Shaw v. Gregoire, 41 Mo. 414.) An interlocutory judgment was rendered against Thatcher and wife, mortgagors, after the death of Daniel N. Thatcher. This judgment was never set aside, and was not only irregular, but void. (Bollinger v. Chouteau, 20 Mo. 89.)

IV. To render judgment against a person who is dead at the time is an error of fact which may be corrected at any time, by motion in the nature of a writ of error, *coram nobis*, and can only be done in the court where it occurred. (Calloway v. Nifong, 1 Mo. 159; 5 Comst. Dig. 695; 1 Strange, 606; 2 Bac. Abr. 216, civil ed.; Powell v. Gott, 13 Mo. 458; *ex parte* Toney, 11 Mo. 663.)

V. After the suit was ordered to be revived against Still, administrator of the estate of Daniel N. Thatcher, deceased, at the March term, 1865, and continued, it was irregular to afterward, at the same time, render an interlocutory judgment against the defendants, Still and Sarah A. Thatcher, without first setting aside the order of continuance. (Taff v. Westerman, 39 Mo. 413; Marsh v. Moore, 18 Mo. 477; Stacher v. Cooper Circuit Court, 25 Mo. 401.)

VI. When the death of Daniel N. Thatcher had been suggested of record, the suit could not be revived against Still, his administrator, without the service of a *scire facias* on him. (R. C.

1855, p. 1273, § 4.) His administrator could not enter his voluntary appearance, or even acknowledge the service of a *scire facias*. It must be served by an officer. (Fine v. Gray, 19 Mo. 33; Draper v. Bryon, 17 Mo. 71.) As the suit had not been commenced, it could not of course be revived against Daniel N. Thatcher's administrator. There was nothing in court, so far as he was concerned, to revive.

VII. Admitting, for the sake of the argument, that the court had acquired jurisdiction of the original defendant, Daniel N. Thatcher, after his death had been suggested of record, the suit could not have been revived in the name of his administrator without the voluntary appearance of both of the original parties to the suit or the service of a *scire facias* on them. Neither the plaintiff, W. G. Downing, nor the defendant, Mrs. Thatcher, entered their voluntary appearance, nor was there a *scire facias* served upon either of them. (R. C. 1855, p. 1276, §§ 32, 33; Ferris, Adm'r, v. Hunt, 18 Mo. 480; Harkness, Adm'r, v. Austin *et al.*, 36 Mo. 471; Fine v. Gray, 19 Mo. 33.)

VIII. The defendants had the whole term at which the interlocutory judgment was rendered to plead to plaintiff's petition, and it was irregular to render a judgment by default against them before the time for pleading had expired. (2 Tidd's Pr. 513; Branstetter v. Rives *et al.*, 34 Mo. 318.) The Revised Code of 1855, p. 1290, § 26, allows three years to a party in which to move to set aside a judgment of a court of record for irregularity. (Branstetter v. Rives *et al.*, 34 Mo. 318; Dysart's Adm'r v. Austin, 36 Mo. 47.)

IX. The judgment in this cause should be set aside, because procured by fraud and without the knowledge or consent of plaintiff or his attorney. "The setting aside of judgments, as well in the case where they were procured by the misconduct of the plaintiffs as where they were obtained by the unauthorized appearance of strangers, rests on the ground of fraud — such practice being regarded by courts as fraudulent, whatever might have been the original intention of the party;" and it may be set aside on motion. This is the proper remedy, and not by bill in equity (Truett v. Wainwright, 4 Gilm., Ill., 418; Critchfield v. Porter,

3 Ohio 518; 3 Ham. 518; Lyon v. Boilvin, 2 Gilm., Ill., 635.)
The parties to the suit are not estopped by the recitals in the
record in questions of this kind, and evidence was admissible
to establish the fact that the suit was prosecuted and judgment
obtained and property sold without the knowledge or consent
of plaintiff, by the procurement of defendants; in order to cheat
and defraud plaintiff out of the mortgaged property. (Critch-
field v. Porter, 3 Ohio, 518; Lyon v. Boilvin, 2 Gilm., Ill.,
635.) The case of Weber v. Schmusser, 7 Mo. 600, is not in
point.

X. The final judgment in the cause is also void and irregular,
for the reason that the mortgagors were not summoned, but noti-
fied by publication, and did not appear to the action, and the
judgment rendered against them is a general judgment, and not a
judgment against the mortgaged property. (Smith v. McCutchen,
Garn., 38 Mo. 417.) Besides, the purchaser acquired no title
by virtue of his purchase, as only the equity of redemption of
the administrator was sold, or adjudged to be sold, when in fact
he had no equity of redemption and no interest in or to the mort-
gaged property. A judgment, it is true, may be irregular and
not void; but can it be void without being irregular? (Tiffany v.
Smith, 2 N. Y. Prac. 6.) There is no principle of law better
settled than that a plaintiff may obtain a reversal of his own judg-
ment, for irregularities which may have intervened in the court
below, in order that he may commence another suit and obtain
a regular and valid judgment, as well as when errors have been
committed against him. (Capron v. Van Noorden, 2 Cranch,
126; Teal v. Russell, 2 Scam., Ill., 321; Johnston v. Bibb, 3
Burr. 772; 2 Tidd's Pr. 1134; Jones v. Wright et al., 4 Scam.,
Ill., 388; Amy Davidson's Adm'r v. Bond, 12 Ill. 84; Fuller v.
Robb, 26 Ill. 246.) Plaintiff alleges in his motion that the mort-
gaged property which was sold was of the value of $10,000, and
that the defendant, Hiram L. Phillips, became the purchaser
thereof at the sum of $106. This is of itself sufficient to throw
suspicion upon the whole transaction, and the testimony of the
witnesses, Hiram L. Phillips and James Spencer, was clearly
admissible to establish fraud in procuring the judgment, and the

fraudulent combination between the defendants and himself at the sale for the purpose of procuring the property at the sale at a sacrifice. (Lyon v. Boilvin, 2 Gilm., Ill., 635.) And under such circumstances the sale will be set aside on motion. (Wooten v. Heinkle, 20 Mo. 290; Neal v. Stone, 20 Mo. 294.) It is true that the purchasers at the sheriff's sale of the property sold under the execution would not be affected by setting aside the judgment under which they hold unless they are made parties to the proceedings (Coleman v. McAnulty, 16 Mo. 173), but in this case they are made parties.

XI. The judgment, execution, and sale thereunder may be set aside, after the return term of the writ, on motion. (Bank of the State of Missouri v. Bray, 37 Mo. 194; Wooten v. Heinkle, 20 Mo. 290; Neal v. Stone, 20 Mo. 294; Clamorgan v. O'Fallon and Lindell, 10 Mo. 112.) In the last case above cited the judgment was rendered on the 20th day of April, 1820, and a motion was made and entertained by the court to set aside the sale thereunder on the 7th day of June, 1845—twenty-five years after the judgment was rendered, and nineteen years after the execution was issued under which the sale was made. This point was not decided in the case of Nelson v. Brown, 23 Mo. 13; and what the court says in that case in regard to setting aside sheriffs' sales after return term of executions is mere dictum. The rule *caveat emptor* applies in this case; the purchaser is bound to know that he purchases under a valid judgment, and that the execution which issues thereon corresponds with the same. The execution in this case does not correspond with the judgment, nor does it run against the property in the mortgage, but is a general execution; and, in consequence thereof, nothing passed by the sale thereunder. The sheriff's return shows that he only sold the interest of J. R. Still, administrator in the mortgaged property. He had none to sell. See § 12, p. 1090, R. C. 1855, which expressly requires that the execution shall be a special one, and shall be in conformity with the judgment.

*H. M. & A. H. Vories*, with *Shanklin*, for respondents.

The court had no right or power to set aside a judgment two terms after its rendition unless it was for irregularities appearing

upon the record, which does not appear in this case. The causes set forth in the motion for setting aside the judgment are causes depending upon penal evidence, and cannot be reverted to to set aside a judgment at a subsequent term after the rendition thereof. (Hill v. The City of St. Louis, 20 Mo. 584; Brewer v. Dinwiddie, 25 Mo. 351; Ashby v. Glasgow, 7 Mo. 320; Morgan Harber *et al.* v. Pacific Railroad Co., 32 Mo. 423.) As to what constitutes an irregularity in a judgment, see Tidd's Pr. 512; Gen. Stat. 1865, p. 671, § 19.

From the showing made in plaintiff's motion, the judgment had been fully carried into execution. The land had been sold under the execution over twelve months before the filing of the motion. The execution was returned and its vitality gone, and it is to be presumed that the sheriff had done his duty and made a deed to the purchaser at the sale under the execution, as nothing appears to the contrary; and it further appears that the land had been sold by the purchaser at sheriff's sale, and, for all that appears in the motion, to an innocent purchaser. In such case no motion would be entertained either to set aside the judgment or to quash the execution, the only remedy being by bill in chancery, if any remedy exists at all. (Nelson v. Brown, 23 Mo. 13.)

The plaintiff, in his motion, charges that the sale under the execution is void, and passes no title to the lands. If this be true, no relief is necessary, and the court will not interfere. (Strouse v. Bailey, 34 Mo. 151.)

In this suit to foreclose the mortgage, the administrator was the proper party, and had a right to appear and be made a party on the record without the service of any writ; and, as he was the proper party to the record, he was entitled to redeem, and it was therefore proper in the judgment to foreclose his equity of redemption, which was binding on all parties concerned. (Riley's Adm'r v. McCord's Adm'r, 21 Mo. 285; Perkins v. Wood *et al.*, 27 Mo. 547.)

The judgment was a special as well as general judgment. It directed the sale of the land by the sheriff for the purpose of satisfying the mortgage debt. The execution followed the judgment; no levy was necessary, and if the levy is informal it does not destroy the sheriff's power to sell. He did advertise and sell,

after which he returned the execution into court, and two terms of court elapsed after the return, after which all remedy was gone except by bill in equity.

In this case it is the plaintiff who moves the court to set aside a judgment and execution in his own favor. He charges that he has been defrauded by the acts of others, alleges his own laches in not attending to a suit brought by him, and sets forth the fact that the defendants had combined to defraud him. He does not show that the proceedings are irregular, but that regular proceedings were obtained by fraud. This could only be reached by bill in chancery, and innocent purchasers would not be affected even if the judgment was vacated by a bill for that purpose. (Draper v. Bryson *et al.*, 17 Mo. 71; Shields v. Powers *et al.*, 29 Mo. 315.) Inadequacy of price alone is not sufficient to set aside a sheriff's sale, even upon a timely and proper application. (Hamman *et al.* v. Scott, 12 Mo 8; Meir v. Zell, 31 Mo. 331.)

The evidence offered on the trial of the motion, and excluded by the court, was properly excluded, as it was offered to contradict a record, and only tended to prove facts which were not sufficiently charged in the motion, and which, if sufficiently alleged, were only available in a court of chancery, where the parties could all be heard on proper issues framed, but were wholly immaterial upon a motion over which the court in part had no jurisdiction. (See authorities above cited.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff, as assignee of the mortgagee, brought suit of foreclosure, January 16, 1864, in the Putnam County Circuit Court, against Thatcher and wife, upon a certain mortgage executed by them to his assignor. Defendants were non-residents, and by order of the clerk notice was published, and in September, 1864, the death of defendant Thatcher was suggested and the cause continued. At the March term, 1865, defendant Still appeared and entered his appearance upon the record, and the cause was entered as continued, but at the same term an interlocutory judgment was entered by default, and at the next September term a final judgment was taken for $5,455.96, and the mort-

gaged property ordered to be sold, and the balance, if any, to be collected out of the estate of Thatcher. The right and title of defendant Still in the mortgaged property was levied on by the sheriff, on the 20th of March, 1866, and sold to defendant Hiram Phillips for $106.

At the March term, 1867, the plaintiff filed his notice to set aside the judgment and the sale for various reasons. He urges certain irregularities in the publication of notice to defendants Thatcher and wife; that an interlocutory judgment was taken against them after the death of Thatcher; that his administrator entered his voluntary appearance, and was not made a party by process or order of court; that after such appearance, and entry upon the record of a continuance of the cause, and without setting aside the entry, and without setting aside the first interlocutory judgment, at the same term another interlocutory judgment was entered against the administrator and against the wife of Thatcher by default, and that the final judgment and execution were informal. Plaintiff also makes grave charges not shown by the original record, of conspiracy by the parties to the sale to obtain the mortgaged property for a nominal sum; that a false appearance was entered for him in the case; that after the suggestion of the death of Thatcher neither he nor his attorney knew anything of the proceedings until after the sale and return; and supports the charges by affidavits. The defendants objected to the motion because it was out of time — that no motion should be entertained to set aside or correct a judgment except at the term where it is rendered, and no motion to set aside a sale except at the term when the sale is made. It is well settled that in general a court will not correct or set aside its judgments except at the term when they are rendered. (Ashby v. Glasgow, 7 Mo. 320; Hill v. City of St. Louis, 20 Mo. 584; Harbor *et al.* v. Pacific R.R. Co., 32 Mo. 423; Brown v. Dinwiddie, 25 Mo. 351.)

But a judgment may be set aside for irregularity at any subsequent term within three years from its rendition. This power was recognized by the court in several of the cases above cited, and is recognized in section 26, chapter 172, of the General Statutes, limiting the time for prosecuting the motion.

The right to vacate judgments and proceedings for irregularities is nowhere disputed. ( Tidd's Pr., *passim*.) This record shows many irregularities, as well as errors and informalities. Defendants Thatcher and wife were non-residents of the State, and an attempt was made to bring them into court by published notice. But the record shows that the newspaper in which the notice was published was not the one in which it was ordered by the clerk, or at least was described by a different name, and that the first publication was before the order of the clerk. An interlocutory judgment was taken against Thatcher and wife at the term they were ordered to appear, and there is proof in support of the motion, though not on the original record, that when this judgment was taken Thatcher was dead. At a subsequent term the plaintiff suggested the death of Thatcher, and the cause was again continued. At the next term an order was made reviving the action as against defendant Still, as administrator of Thatcher, and he entered his voluntary appearance, and an entry of continuance was made upon the record ; but afterward, at the same term, without notice so far as appears, and without setting aside the order of continuance, another interlocutory judgment by default was rendered against Still and Mrs. Thatcher, and the cause continued. At the next term, being the September term, 1865, final judgment was rendered upon default. A special execution was issued commanding a sale of the property, and that the balance after sale be made out of the property of Daniel Thatcher and Sarah his wife. The sheriff returns that he has sold the right, title, and interest of defendant Still and Sarah A. Thatcher in the mortgaged property to defendant Phillips for the nominal sum of $106, and that he finds no other property belonging to them.

It is seldom we see a record so full of irregularities. They are prominent in every stage of the proceedings — from the original publication of notice, to the sheriff's return upon final execution, wherein he reports a sale of the interest of Still, who had no interest, and that of Mrs. Thatcher, who was never properly brought into court. An irregularity may be defined to be " the want of adherence to some prescribed rule or mode of proceed-

21—XLIII.

ings." It is often waived by the subsequent action of a party, as by an appearance after defective process, so that the judgment would be valid notwithstanding such defect. But this record shows no such valid judgment, and the proceedings of the sheriff upon the execution are worse than the judgment. It is true, his return of those proceedings might be amended were there anything to amend by, but we must presume the return of sale corresponded with the advertisement, and it could not be amended to contradict it. But can the plaintiff take advantage of those irregularities? It was the duty of the administrator to have applied to have the proceedings set aside, to protect the estate from an apparent sacrifice of the property, and see that it paid as much as possible of the debt. But he does not move in the premises, and it is claimed that the plaintiff cannot—that the proceedings are his own, and that he is bound by them.

If one suffer by a judgment, he may reverse it upon writ of error for errors of the court, although rendered in his own favor, as if for a less sum than he is entitled to. (Burr. 1772 ; Tidd's Pr. 1134.)

In Capron v. Van Noorden, 2 Cranch, 126, the Supreme Court of the United States, on application of a person who obtained a judgment, reversed it, on the ground that the court had no jurisdiction. The only injury, it would seem, he could suffer from it, was its invalidity ; that he could not enforce it against the will of the judgment debtor, and still that it might be a bar to a new one. There are errors enough in the record before us to demand the reversal of the judgment had the case been brought here by writ of error.

A party who is injured by a judgment is entitled to the relief the law gives. Whether the form of the judgment be for him or against him, matters not. If he suffers, he should be relieved unless precluded by some just rule, and is entitled to his relief by the usual modes. The usual proceeding against irregularities is by motion. When such motion will lie, a party should not be driven to a higher court, but the tribunal where the wrong was done should furnish the relief. There is no reason in denying the ordinary remedy, and driving one who suffers from a judgment

to a writ of error, because the judgment is in his favor. Here were irregularities as well as errors, which not only greatly impair the value of the judgment, but render it worthless.

Mrs. Thatcher was never in court; and though the administrator of her husband entered his appearance on behalf of his decedent, the default entered against him after the continuance of the cause was a gross departure from all rule. Did it appear that this advantage was sought by the plaintiff, that the judgment was rendered at his instance, with knowledge of the continuance, he should, perhaps, in punishment for the fraud, be left to make what he could out of his invalid judgment. But this does not so clearly appear as to subject him to that penalty, especially as he rebuts the presumption of the record against him by the charge of false appearance, to be hereafter considered.

I have spoken of the irregularities of the sale. Even if the proceedings in obtaining judgment were regular, or, being irregular, it were held that the plaintiff could not disturb them, this sale should be set aside. The irregularity was alone on the part of the sheriff; and the plaintiff, either in fact or by presumption of the record, had nothing to do with it. The misconduct or mistakes of the sheriff should not be permitted to prejudice the rights of either party. The plaintiff is injured by an apparent satisfaction of the judgment, through a sort of sale which would cast a cloud over the title acquired by a new one, and render the property less likely to sell for a fair price.

The question of fraud is also raised by the motion. The charge is made that all the proceedings after the suggestion of the death of Thatcher — to-wit: the appearance of Still, the entry of judgment, the issuing of the execution, the sale and the return — were without the knowledge of the plaintiff or his attorney, and were a conspiracy to defraud him of his security. The charge is sustained by affidavits, except as to the conspiracy. The proceedings complained of were without the knowledge of those interested in seeing that they were regular. This matter should have been considered below. The objection that it can only be inquired into upon petition in the nature of a bill in equity is not well taken. Though fraud and mistake are often

grounds for relief, yet the proper proceeding in a matter of this kind is by motion.

In Delancey v. Brownells, 4 Johns. 136, the Supreme Court sustained a motion to set aside a judgment by default, rendered at a previous term, on the ground of fraud. In Denton v. Noyes, 6 Johns. 295, the same court permitted a defendant, against whom judgment by confession had been rendered by an attorney, to open it upon motion at a subsequent term and make defense, though the judgment was regular upon its face, and upon the ground that the attorney had no authority to appear. In giving the opinion, Justice Kent remarks: "If the attorney has acted without authority, the defendant has his remedy against him; but the judgment is still regular, and the appearance entered by the attorney without warrant is a good appearance as to the court. *    * This rule of law, though perfectly well settled, would sometimes be unjust in its operation if it was not so restrained as to save the party who may be affected by it from injury. It was therefore wisely laid down by the King's Bench, in the time of Lord Holt, that if the attorney for the defendant be not responsible or perfectly competent to answer to his assumed client, they would relieve the party against the judgment, for otherwise a defendant may be undone. I am willing to go further, and in every such case to let the defendant in to a defense to the suit."

In Critchfield v. Porter, 3 Ohio, 518, the court sustained a demurrer to a petition in chancery to enjoin a judgment obtained against the petitioner, in consequence of an appearance being made for him by an attorney through mistake, and held that the petitioner had a complete remedy at law, upon motion to set aside the judgment. In McKee v. Bank of Mt. Pleasant, 7 Ohio, second part, 175, the Supreme Court refer to and affirm the doctrine of the above case.

In Hunt v. Yeatman, 3 Ohio 16, the court sustained a motion below to set aside a judgment rendered at a previous term, though the grounds for setting it aside do not appear. See also, Warren & Dutton v. Rusk, 16 Mo. 102. Judge Scott, on page

114, recognizes this remedy. So also does Judge Washington, in Fields v. Gibbs, 1 Pet. C. C. 155.

If a party against whom judgment has been rendered, in consequence of the unauthorized appearance of an attorney, may have the same set aside on motion, on what principle will the same relief be denied to a party in whose favor a voluntary judgment has been entered, but so loosely and irregularly as to defraud him of his rights? True, the plaintiff was negligent, grossly so. But this was not the penalty. The court should have dismissed his case, and let him commence again, if he chose to do so. (Nordmanser v. Hitchcock, 40 Mo. 178.)

Objection is made to the motion to set aside the sale also upon the ground that it was out of time; that it should have been made at the return term of the execution; and Nelson v. Brown, 23 Mo. 13, is cited. Judge Scott, in that case, announces the doctrine, though it was hardly necessary to the determination of the cause before the court, that the proceedings of the sheriff upon sale can only be set aside upon motion made at the return term of the writ, or at the term when the writ was actually returned. He would apply this rule only where the objection was on matters *in pais* and did not appear upon the record or return. This position in general is a reasonable one. If a party, properly in court, and when he has knowledge of the process, desires to set aside an execution or sale, for errors or causes not appearing of record, he must act at once. After rights of third parties may have intervened — after, by his silence, he has suffered the officer to deed to the purchaser—his acquiescence is presumed. But as to every thing shown by the record, the purchaser buys with notice. If the proceedings in obtaining the judgment or in effecting the sale be irregular, he knows it. Nor does the reason of the requirement exist where there is no actual appearance of the party, and where the proceedings are without his knowledge — as where some one acted for him without authority. However, in the New York and Ohio authorities before cited no such promptness is required.

The District Court erred in not reversing the judgment of the Circuit Court, and its judgment is reversed and the cause remanded for further proceedings in accordance with this opinion. The other judges concur.