'LAWRENCE *against* CORNELL and others.

A decree, after it has been entered, but before it is enrolled, may be
corrected, where the omission or mistake was inadvertent, and is
clearly ascertained.

A defendant who has made payments for his co-defendant, towards
satisfying a prior mortgage, and beyond his proportion of the bur-
den, is to be deemed substituted for the plaintiff, on a sale of the
premises, to that extent, and as far as the fact appears from the
proceedings in the cause.

PETITION of the defendant *Cornell*, stating, that through *August 8th.*
inadvertence, and unintentionally, his right and interest,
stated in his answer, to a portion of the surplus of the pro-
ceeds of the mortgaged premises, after satisfying the plain-
tiff, were omitted to be provided for by the decree, which
was prepared by the plaintiff's counsel, and entered by con-
sent of the solicitors of all the parties. The fact was veri-
fied by the accompanying affidavit of the plaintiff, and
nothing appeared to gainsay it.

The petition, accordingly, prayed that the decree might
be amended in that respect.

*J. Smith*, for the motion.

*M'Kown*, *contra*, and for the defendant *Rogers*, who
held the junior mortgage, and claimed the surplus.

THE CHANCELLOR. The mistake is manifest; and if it
had been suggested at the time, there would undoubtedly
have been a provision inserted in the decree, that the peti-
tioner should be deemed substituted for the plaintiff, so far
as he had made any payments, on the elder mortgage, for the
proper debt of the defendant, *Matthews*, or beyond his pro-

1820.

LAWRENCE
v.
CORNELL.

portion of the burden. This appears to have been the case as to a moiety of the sums of 70 dollars and 200 dollars, paid by him in 1817. The defendant, *C.*, claims the benefit of substitution for the other moiety of those sums, on the ground of some alleged agreement with the plaintiff, at the time of the payment, and on the further ground, that the defendant *M.* ought to have no benefit from the payment. But the burden was equally chargeable upon the defendants, *C.* and *M.*, and whatever rights he may have upon any agreement, (which this order will not prejudice) the benefit of substitution is only to be applied in a clear case, appearing from the proceedings in the cause.

The next question is, whether the decree can be rectified as to this omission, (appearing to have been unintentional and inadvertent) upon motion, without putting the party to the expense of a rehearing, which would consume a great part of the sum to be secured. The decree is not yet enrolled and signed, and I am inclined to think that, according to the *English* practice, the decree, though passed and entered, may be corrected before enrolment, on motion, in a clear case, and where the insertion would have been of course ; but there must be a separate, supplemental order, for the purpose. (*Wyatt's P. R.* 155. *Newland's Pr.* 185, 186. 7 *Vesey*, 293. *Lane* v. *Hobbs*, 12 *Vesey*, 458.)

Order accordingly.