THE TOMBIGBEE RAILROAD COMPANY *v.* WILLIAM H. KNEELAND.

A corporation, created by the laws of another State, can sue in Alabama upon a contract made in that State.
The decision of this court, in 13 Peters, 519, reviewed and confirmed.

THIS case was brought up by writ of error to the District Court of the United States for the Middle District of Alabama.

It was an action of assumpsit on a promissory note made by the defendant to the plaintiff. The declaration stated, that the Tombigbee Railroad Company was a corporation constituted by law in the State of Mississippi, the officers and stockholders of which were citizens of that State ; and that the defendant, who was a citizen of the State of Alabama, by his promissory note, made at Gainsville, in the last mentioned State, on the 20th of January, 1838, promised to pay to the plaintiff or order, six months after date, at the plaintiff's banking-house in Columbus, in the State of Mississippi, the sum of nine thousand dollars, for value received, — concluding with the usual averment, that the defendant had not paid.

The defendant appeared and pleaded : — 1st. Non-assumpsit. 2d. That the plaintiff was a banking institution without the limits of the State of Alabama, to wit, in the State of Mississippi, and, unauthorized by and contrary to the laws of the State of Alabama, exercised the franchise of banking in the State of Alabama, on the day and year in the declaration mentioned, and at Gainsville, in the county of Sumpter, in the State last aforesaid, in the unlawful exercise of the said banking franchise, did, as a bank, discount the said note, contrary to the laws of the State of Alabama.

3d. That the plaintiff, unauthorized by and contrary to the laws of the State of Alabama, did establish at Gainsville, in the county of Sumpter, in the State of Alabama, an office and bank to carry on in the State of Alabama the franchise of banking, and, in the exercise of that business, issued their bills and promissory notes for the purpose of circulation as cash bank-bills and currency, on the day and year in the declaration mentioned, and before and after ; and that the note, in the declaration mentioned, was made to and for the purpose of same being discounted by the plaintiff, exercising such banking privileges as aforesaid, on the day and year and at the place aforesaid, and that the plaintiff did discount the said note, and issue therefor its note and bills, in the exercise of the banking franchise aforesaid, contrary to the laws of Alabama, by reason whereof the said note was void.

4th. That there was no such corporation as the plaintiff had in that behalf averred in his declaration.

The plaintiff joined issue on the first and fourth pleas, and demurred to the second and third. And upon the hearing of the

demurrers, the District Court held that these pleas were suffi-
cient in law to bar the plaintiff of its action, and gave judgment in
favor of the defendant.   From this judgment the present writ of
error is brought.

The case was submitted to the court without argument by the
Attorney-General, for the plaintiff in error, referring the court to
13 Pet. 519.   No counsel appeared for defendant.

Mr. Chief-Justice TANEY delivered the opinion of the court.

The only question arising on this record is, whether, by the
laws of Alabama, a contract made in that State by the agents
of a corporation created by the law of another State is valid.
This point was fully considered and decided in the case of the
Bank of Augusta v. Earle, 13 Pet. 519, and cannot now be con-
sidered as open for argument in this court.   The principles de-
cided in that case must govern this ; and the judgment of the
District Court is therefore reversed, with costs.