Duncan McCall et al., Respondents, v. Dugald McCall, impleaded, etc., Appellant.

A court having jurisdiction to set aside a judgment has the right to give any less relief by which justice may be obtained, and by which the rights of a party in excusable default may be protected, and the mode of effecting this object is under the control and subject to the discretion of the court.

By the judgment in a partition suit, to which the parties hereto were parties, the premises in question were directed to be sold and the proceeds distributed in conformity to the rights of the parties as therein declared. The complaint in that action alleged that defendant, McC., had received an advancement from the common ancestor from whom title to the premises was derived to the amount of his share, and was not, therefore, entitled to any interest. He appeared and defended; the judgment adjudged him entitled to the same distributive share as the other heirs. Plaintiffs herein were defendants in that action, but did not appear therein. After entry of that judgment they made a motion that it be set aside or that they be allowed to come in and defend. The court refused to set aside the judgment, but gave leave to any of the parties to bring an action within sixty days "in the nature of an action to review the said judgment" in reference to the question of said advancement, and it was declared that said judgment should not be a bar to an investigation and decision of that question on the merits; it was also ordered that the share of defendant, McC., arising from the sale,

should be brought into court to abide the event of such suit. No appeal was taken from such order and this action was brought in pursuance thereof. *Held*, that it was within the power of the Supreme Court to make the order in question; that said order could not be impeached or questioned in this action, but that the remedy of the aggrieved party, if any, was by appeal therefrom.

(Argued September 18, 1873; decided January term, 1874.,

APPEAL by the defendant, Dugald McCall, from a judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment entered on the report of a referee.

The facts material to the decision in this court are sufficiently stated in the opinion of the Chief Commissioner.

*L. N. Bangs* tor the appellant. Before the Code, a bill of review was in the nature of a writ of error. (Story's Eq. Pl., 320, §403 ; 2 Barb. Ch. Pr., 90 ; *Bartlett* v. *Fifield,* 45 N. H., 81.) Under the Code, writs of error in civil actions are abolished, and title eleven of the Code provides the only mode of reviewing a judgment or order. (Code, §§ 323, 371, 174, 457 ; *In re pet. Livingston,* 34 N. Y., 555–576 ; *Libby* v. *Rosekrans,* 55 Barb., 202–216 ; 3 Robt., 693 ; 7 Abb. Pr., 367 ; *Ryan* v. *N. Y. C. R. R. Co.,* 35 N. Y., 210–216.) A bill of review would not lie in this action and the complaint should be dismissed. (*Kennedy* v. *Geo. St. Bk.,* 8 How. [U. S.], 609 ; *Bartlett* v. *Fifield,* 45 N. H., 81 ; 2 Barb. Ch. Pr., 81, 90, *et seq.; Wiser* v. *Blackley,* 2 J. Ch., 488–491 ; *Livingston* v. *Hubbs,* 3 id., 124 ; *Gullett* v. *Houst,* 7 Blackf., 52, 329 ; *O'Briery* v. *Connor,* 2 B. & B., 146 ; *Bingham* v. *Dawson,* Jacobs R., 243 ; *Dexter* v. *Arnold,* 5 Mason, 303 ; *Whitney* v. *Bk. of U. S.,* 13 Pet., 6–14.) The first decree is *res judicata.* (2 Bouv. L. D., *Res judicata,* 645 ; *Greatherd* v. *Brownley,* 7 T. R., 456.) The former decree being fully and fairly stated in the bill of review, it is unnecessary for defendant to plead it again. (*Webb* v. *Pell,* 3 Paige, 368–370.) By denying the motion to set aside the first decree and permitting plaintiffs to defend, the court deprived itself of jurisdiction

to further control the decree except upon appeal. (Code, § 174; 1 Barb. Ch. Pr., 352; *Tripp* v. *Vincent*, 8 Paige, 180; *Greenwich Bk.* v. *Loomis*, 2 Sandf. Ch., 70, 74; *In re pet. Livingston*, 34 N. Y., 555–576.) A bill of review is not a part of the original cause, but an independent proceeding. (*Cole* v. *Miller*, 32 Miss., 89.) Children of an alien father, born abroad, are aliens. (*Beck* v. *McGillis*, 9 Barb., 35, 51; *Lynch* v. *Clark*, 1 Sandf. Ch., 583, 639, 663.) The mother of Elizabeth Spratt did not become an alien by her residence in Canada. (*Beck* v. *McGillis*, 9 Barb., 35, 46; *Shanks* v. *Dupont*, 3 Pet., 242, 245.) The law will not cast title by descent upon an alien. (1 R. S., 753, 36; *People* v. *Conklin*, 2 Hill, 67, 70; *Overing* v. *Russell*, 32 Barb., 263, 265; *Wadsworth* v. *Wadsworth*, 2 Kern., 376, 380.) The knowledge of Spratt's alienage before the trial prevents plaintiffs from claiming a review or rehearing on that subject. (*Robinson* v. *Sampson*, 26 Me., 11; *McDaniel* v. *James*, 23 Ill., 407.)

*Geo. F. Danforth* for the respondents. The Supreme Court had power to open the judgment and let either or all the defendants in to defend, or to permit any material question to be litigated either in that action or by the trial of an issue to be made in a new action. (Code, § 174; *Kemp* v. *Squire*, 1 Ves., 205; *Robson* v. *Crandall*, 1 Dick., 61; *Beckman* v. *Peck*, J. Ch., 415; *Millspaugh* v. *McBride*, 7 Paige, 512; *Tripp* v. *Vincent*, 8 id., 180; *Nash* v. *Wetmore*, 33 Barb., 155.)

Lott, Ch. C. It appears, by the complaint and the report of the referee in this action, that a judgment for the sale of the real estate in this State, of which John R. McCall died seized, and for the distribution of the proceeds thereof, was, on the 26th day of December, 1865, entered in an action pending in the Supreme Court, wherein John Spratt, one of the defendants herein, was plaintiff, and the plaintiffs in the present action and the above named appellant, Dugald

McCall, were defendants. That was an action for the partition of such real estate among the parties entitled thereto, and for a sale thereof, in case a division could not be made. Spratt, the plaintiff, claimed that he was a tenant by the curtesy to an estate for life in the share which had descended to his deceased wife, Isabella, and that their daughter, Elizabeth, then an infant, was entitled to an estate in remainder therein. He alleged that the defendant, Dugald McCall, had, during the lifetime of his father, the said John R. McCall, received an advancement " sufficient to overbalance any share " to which he otherwise would have had or been entitled, and that, by reason of such advancement, he was not entitled to any interest therein, and claimed that the whole property should be divided between him, the said Spratt, and the other parties to the suit, to the exclusion of Dugald. Two of the children of the common ancestor, from whom the title was derived, were infants, and a general answer on their behalf, and for his granddaughter, the said Elizabeth Spratt, was put in by their guardian *ad litem*. The defendant, Dugald McCall, was the only adult defendant who appeared in the action, and he put in an answer denying the allegations in the complaint in relation to such advancement, and claimed title to one-seventh part of such real estate as one of the heirs-at-law of his deceased father, subject to a right of dower therein by his father's widow. The right of the said John Spratt, as such tenant by the curtesy, was also put in issue by the said Dugald. The action proceeded to judgment, establishing said Spratt's right as claimed by him, but declaring that the children of the said John R. McCall, including the said Dugald, were each entitled to one-seventh part of such real estate, subject to the widow's right of dower, and that Elizabeth Spratt, subject to such right of dower, and to a life estate therein of her father, was entitled to the other share. A sale of the property was ordered, and a distribution of the proceeds, in conformity with the rights of the parties as thus declared,

was directed as specially provided in and by the judgment above mentioned.

After the entry of that judgment, an application was made to the court, on behalf of the plaintiffs in the present action, to set it aside, or, otherwise, to open it and allow the plaintiffs to come in and interpose an answer or. answers to the complaint in the action. The court refused to set aside the judgment. Leave was, however, given by the order denying such relief to the parties interested, or any or either of them, to bring an action within sixty days from the entry of the order of such denial, as stated in the said order, "in the nature of an action to review the said judgment or decree" in reference to the question of such advancement, and the further allegation that John Spratt was an alien; and it was also declared, in the said order, that the parties should not be concluded by such judgment on those questions, and that it should not be a bar or conclusive in the investigation and decision upon the merits of those questions or either of them, but that the right or interest of the said Elizabeth Spratt, as declared thereby, should not be prejudiced or impaired by such new action, and that any decision therein declaring that her father, by reason of alienage or otherwise, had no interest in the property, should accrue to her benefit.

It was also declared and directed by the said order that on the sale of the lands and premises described in the said judgment, as therein provided, the money which would otherwise by the terms thereof have been paid over to the said Dugald McCall, and to the said John Spratt, or his attorney, should be brought into court by the referee who was appointed to make such sale, to be disposed of by the direction of the court, to abide the event of any action that might be commenced under the provisions of said order, and it was also declared thereby that either party was allowed thereafter to make such application for costs or otherwise as he might deem necessary and proper, after due and timely notice of such application to all· parties interested. That order was acquiesced in by both of the defendants in this action, no appeal therefrom

having been taken by either of them, and the present action was brought by the plaintiffs under the privilege so to do, given as above stated. The complaint therein, in addition to those matters, further avers the fact of the alienage of the said John Spratt, and that such advancement was made to the said Dugald McCall, as was alleged in and by the complaint in the original action. The defendant, Dugald McCall, appeared in the action, and put in an answer admitting the alienage of the said John Spratt, and the material allegations above set forth, except the fact of the advancement alleged to have been made to him by his father, which he denied. He therefore claimed that the complaint did not state facts sufficient to constitute a cause of action against him.

The issue thus presented was referred to a referee for trial. He found in favor of the plaintiffs on each of the questions of fact involved in the action, the alienage of Spratt and the advancement to Dugald McCall. He thereupon found as conclusions of law : 1st. That the said Spratt acquired no interest in the estate inherited by his wife from her father ; 2d. That Elizabeth Spratt was *prima facie* heir to her mother, and that her rights were settled in the partition suit above mentioned, and were not the subject of litigation in this action by the terms of the order authorizing the same ; 3d. That the said Dugald McCall, in consequence of such advancement, was not entitled to recover any share or portion of the real estate of which his father died seized, or the proceeds thereof ; 4th. That the Supreme Court had jurisdiction, and competent authority to make the order authorizing this action ; and 5th. That costs be allowed to the plaintiffs from the proceeds of sale, but not to the defendants or either of them. Judgment was entered in accordance with that decision, which on appeal therefrom, by Dugald McCall, was affirmed at General Term of the Supreme Court.

The second and fourth of the above conclusions were severally and duly excepted to by him, but no exceptions were filed to the first, third or fifth conclusions.

It will thus be seen that the above exceptions do not raise

any question specifically as to the declaration or conclusion of law by the referee, that the said defendant was not entitled to any portion of his father's real estate, or the proceeds thereof. He is ,therefore, not in a condition to raise any question thereon, on his appeal here, except so far as it is involved in the two exceptions taken as above stated, and those hereinafter mentioned. The decision against such right also precludes him from questioning the conclusions of law by the referee in favor of Elizabeth Spratt as being *prima facie* the heir of her mother, irrespective of the effect of the order authorizing this action on her rights. He, having no interest in the property, as declared by the referee, cannot be aggrieved by the decision as to the rights of Elizabeth Spratt, and therefore has no right to appeal therefrom. If, however, it be otherwise, the judgment as to her rights remained unimpaired by the order under its express terms, and her interest could be increased by the result of the action authorized thereby. In that, as before stated, the defendant acquiesced, and therefore he cannot now complain of that provision or its effect.

The only question therefore to be considered, so far as relates to the referee's report, is that involved in the exception to the fourth conclusion of law, and that is also raised by an exception taken during the trial, on the denial of a motion made by him to dismiss the complaint on the opening of plaintiffs' case by reading the complaint. The grounds of that motion, as he stated, were: 1st. Because the said complaint did not state sufficient facts to constitute a cause of action; 2d. Because by the plaintiff's complaint it appeared the matters and things in controversy in this action, on the part of the plaintiffs, so far as they related to the defendant, Dugald McCall, had already been tried, and a final judgment and decree had thereon, before a court of competent jurisdiction, which judgment was and is unappealed from; 3d. Because the court had no power or jurisdiction to make the order of March 27th, 1866, set forth in the said plaintiff's complaint, authorizing this action to be brought, or to restrict the accruing of the interest claimed by John Spratt to the benefit of Elizabeth Spratt; and

4th. Because the judgment and decree set forth in the complaint in this action, as had in the action wherein John Spratt was plaintiff, and Dugald McCall and others were defendants, could not be annulled, affected, reviewed, or in any way modified or controlled through this action, which is in the nature of a bill of review, but only by an appeal from said judgment or decree, or an order setting the same aside, and ordering an issue to be tried in the original action.

The motion was renewed on the same grounds, after testimony was introduced by the parties sufficient, as the case states, to authorize the referee to find the facts as stated in his report.

Neither of those grounds is well taken. It is properly conceded by the appellant's counsel, in his points and brief, that "under section 174 of the Code the court might have granted the application to vacate the judgment for the reasons stated in the plaintiffs' application, and permit an answer in the first action, or under the old practice, as in *Tripp* v. *Vincent* (8 Paige, 180), could have opened the decree," but he claims that, "denying that motion, it deprived itself of jurisdiction to further control the decree already made, except upon appeal." He adds: "Refusing to vacate the judgment or permit an answer, from that time the decree became absolute, as before the application." This is an erroneous view of the nature and effect of the order. Although the application, so far as it asked to set aside and vacate the judgment, was denied, it was competent for the court to grant relief by permitting a trial of any matters involved in the issues, and, until the decision thereon, the original judgment could be permitted to stand. The *jurisdiction* to set aside a judgment involves the right to give any less or minor relief by which justice may be attained, or the rights of a party, in excusable default, may be protected. It is a very common practice in actions at law to deny a motion to vacate a judgment absolutely, and yet permit a trial of matters set up as a defence, by a referee, the result of which, if favorable to the defendant, has the same effect, or at least secures relief to the extent

of the decision in his favor. The right to grant relief being conceded, the mode of effecting the object is under the control and subject to the direction of the court. If that given is such as could not properly be granted by the court in the exercise of its general jurisdiction, under the established rules of law, the remedy of the aggrieved party is by appeal. The order granting it cannot be treated as a nullity or impeached in another proceeding, and certainly not in that which was commenced under the authority given by such order itself.

The motions to dismiss the complaint, so far as they were based on the effect of the judgment in the partition suit, erroneously assumed that it was in full force and effect, entirely disregarding the modification thereof, which in fact suspended practically its operation, so far as it related to the extent of the interest of the several parties and the distribution of the proceeds of the sale that was to be made, until the determination of the issues to be prepared and tried in pursuance of the order. It may be conceded that the order was anomalous, and that it was a misnomer of the relief granted to call it an action in the nature of a bill of review; but an erroneous name given to a remedy or relief, properly granted, does not impair the effect, much less annul the remedy or relief itself. The referee and the General Term were in our opinion right in the judgments rendered by them respectively, and we concur in the views expressed in the opinions given by them in support of their conclusions.

It follows that the judgment appealed from must be affirmed, with costs.

Reynolds, C. It was unquestionably within the power of the Supreme Court to set aside the judgment in partition in which John Spratt was plaintiff, or to partially open it for further litigation, or to refuse to intefere in any form whatever. Although given by default against the present plaintiffs, it was an estoppel of record, as effectual as if rendered after the most animated litigation. Upon their application to open the default and allow them to make some defence, the motion was, in

form, denied, and an order made that the judgment should stand as fixing the rights of all the parties, except as to the question of the alienage of John Spratt, and as to the advancement made by John R. McCall (the common ancestor) in his lifetime; to Dugald McCall, and in respect to these questions, the parties interested were permitted to bring an action to review the judgment. Accordingly, this action was brought against John Spratt, the plaintiff in the original judgment, whose alienage was in dispute, and Dugald McCall, who was concerned in the alleged advancement and who alone appeared and defended the partition suit instituted by Spratt. The result was that, in this last action, the court below determined that John Spratt was an alien at the time of the death of his wife, and had no interest in the real estate which she inherited from her father; and that Dugald McCall, in consequence of an advancement made him by his father in his lifetime, had no interest in the real estate whereof he died seized. From this judgment Dugald McCall appeals.

If the Supreme Court had merely opened the default in the partition suit of John Spratt, and allowed the present plaintiffs to defend, no question of want of power would have been suggested, and none, probably, could have been. Instead of doing that, the judgment was retained as valid in all respects, save that the question of the alienage of Spratt and the advancement to Dugald McCall might be further litigated. And we do not perceive that the precise form in which this was allowed to be done is of material consequence, so long as all parties have had full opportunity to protect their rights. Old technical forms of proceedings in courts of law and equity have, to a large degree, in modern times, failed to command reverence, and, where the substantial ends of justice appear to have been reached in a given case, may now safely be disregarded. It is to be observed also, that the order under which the proceedings in the present action were taken, was not appealed from and has become final and effectual, unless absolutely void for want of jurisdiction in the Supreme Court, which can scarcely be pretended.

It is not to be denied but that the form of proceeding, in this case, presents something of an anomaly in the administration of justice. To an artistic legal eye the practice is not altogether comely, and perhaps ought only to be upheld because it provides a very direct road to the attainment of the apparent ends of justice, which is not to be regarded with disfavor. If the fact of the alienage of John Spratt had appeared in the original partition suit, it might have been difficult for the Supreme Court to order the judgment, in fact given, but the question is not one of jurisdiction. It is said that his daughter, Elizabeth Spratt, was also an alien and could not take one-seventh of the real estate by inheritance, to which, in the original suit, she was adjudged to be entitled; but that question was not opened for further litigation, and we have nothing to do with it.

We think the judgment of the Supreme Court must be affirmed.

All concur.

Judgment affirmed.