JAMES ROCKWELL AND HENRY L. WHITE v. FRANKLIN CARPENTER, JOHN P. HETTRICH AND WILLIAM G. HETTRICH.

ELIAS H. PETERS, AS RECEIVER, ETC., OF JOHN P. HETTRICH AND WILLIAM G. HETTRICH AND OTHERS, APPELLANT, v. FRANKLIN CARPENTER, AS ASSIGNEE OF JOHN P. HETTRICH AND WILLIAM G. HETTRICH AND OTHERS, RESPONDENT.

*Judgment — power of the court to correct errors or mistakes in it, after its entry.*

The plaintiff, who had been appointed a receiver in supplementary proceedings instituted against a firm, brought this action against the defendant to set aside as fraudulent a general assignment made by the said firm to him, and recovered a judgment therein setting aside the assignment, adjudging that the defendant had received $2,500, and requiring him to pay, out of the assets so received, to the plaintiff the sum of $2,196.17, with interest and costs. Thereafter the defendant presented to the judge before whom the action was tried an affidavit showing that he had received but $2,631.37; that before the commencement of this action he had paid out $430.77, and that in an action of replevin brought against him by one Rockwell, which was tried and decided at the same time and by the same judge who tried and decided this action, a judgment for $334.05 had been recovered against him, and moved thereon, and obtained an order to the effect that he, the defendant, be charged with $2,631.37 and interest, to wit, $2,786.37, and credited with the amounts set forth in the affidavit, to wit, $766.27, and ordering that the roll be taken from the files and the decision and judgment be amended so as to declare that the assets in the defendant's hands, applicable to the payment of the plaintiff's demand, were $2,020.10.

*Held,* that the order was improperly made and should be reversed; that the plaintiff's remedy, if any, was by an appeal or by a motion for a new trial. (BOARDMAN, J., dissenting.)

APPEAL by Peters, as receiver, etc., the plaintiff in the second above entitled action, from an order made in said action at a Special Term directing that unless the plaintiff would consent to accept a sum, fixed by the order, in full satisfaction of the judgment, which was for a larger sum, that then the judgment roll should be taken from the files and the decision be amended and modified, and that a new and reduced judgment should be entered up thereon.

*A. Pond,* for the appellant.

*J. W. Houghton,* for the respondent.

LEARNED, P. J.:

If possible, I should very willingly agree to affirm the order appealed from, because it appears to have worked out what is called " substantial justice." But I am unable to do so, for the reason that the order seems to me to violate an important principle, and to be of a dangerous tendency.

The Hettrichs made a general assignment to Carpenter for the payment of their debts. Rockwell brought an action of replevin against Carpenter, and seized some of the property. Carpenter gave the requisite bonds and took the same back. Afterwards Peters, a receiver of the Hettrichs, appointed under proceedings supplementary, brought this action to set aside the assignment as fraudulent. Both this action and the action of Rockwell were tried at the same Special Term, before the same justice, October, 1880, and his decision in each case was rendered about March 5, 1881. In the Rockwell action judgment was entered against Carpenter for $334.05 damages and costs. In the action of Peters, receiver, judgment was entered declaring the assignment fraudulent, and adjudging that Carpenter pay the plaintiff, out of the sum of $2,500 which was in his hands December 17, 1879, the day of the commencement of the action, $2,196.17, being the amount of the judgments in the actions in which Peters was appointed receiver, with interest and costs. This judgment appears to have been entered March 5, 1881.

Subsequently Carpenter made a motion on affidavits setting forth that all the assets which had come into his hands as assignee were $2,631.37. That before the commencement of this action he had paid out $430.77, and that Rockwell had recovered against him $334.05, and asking that this judgment of Peters against him be modified so as to require him to pay only the balance in his hands after deducting these expenses and the Rockwell judgment.

Thereupon on the 19th of April, 1881, the Special Term, held by the same justice who tried the actions, made an order, stating that Carpenter ought to have been charged with $2,631.37 and interest, making $2,786.37, and credited with the above amounts, in all $766.27, leaving a balance of $2,020.10, and ordering that the roll be taken from the files and the decision and judgment be amended by declaring that the assets in the defendant's hands applicable to plaintiff's demands and costs are $2,020.10. From this order the plaintiff appeals.

Now I admit to the fullest extent the right of this court to correct what are properly called mistakes, that is, clerical errors, defective papers and the like. For instance in *Mechanics' Bank* v. *Minthorne* (19 Johns., 244) there was judgment for want of plea. Therefore the declaration, which was on a promissory note, was admitted. The clerk made a mistake in computing the interest. The court corrected the mistake even after payment of the judgment. The correction involved no new fact and no new decision of law. *Lawrence* v. *Cornell* (4 Johns. Ch., 545) was the case of the amendment of a decree *before* enrollment. *Before* enrollment the Court of Chancery would rectify obvious mistakes; but the general rule was that afterwards it could be altered only by bill of review. (1 Barb. Ch. Pr., 349, 366.) Enrollment was analogous to filing a judgment roll in the Supreme Court. *Pettigrew* v. *Mayor* (17 How., 492) is a Special Term case. It was a motion to set aside and vacate a judgment and report of a referee after trial. It was a case where a defendant applied for a new trial on the ground of some alleged fraud or mistake; and that was the relief granted. There is no question about the right to grant a new trial for surprise and the like in a proper case. But that is not what the Special Term did in the present case. *Levy* v. *Joyce* (1 Bosw., 622) is a case of the same nature. The judgment was opened so as to permit a defend-

ant to make certain proof which, by mistake, he had neglected. The court did not change the decision already given on the proof, but allowed, to a limited extent, a new trial. In *McCall* v. *McCall* (54 N. Y., 541) the court refused to set aside a judgment, but allowed a party to bring another action, ordering that the judgment already entered should not be a bar. *New York Ice Company* v. *Northwestern Insurance Company* (23 N. Y., 357) decides nothing, because the appeal was dismissed. Anything said in the opinion has only the weight of the good sense contained in it. *Kamp* v. *Kamp* (59 N. Y., 212) holds that, in an action for divorce, after judgment the court cannot make an order for alimony. This was on the ground that the judgment was final as to the matter litigated and as to every matter which might have been litigated. That decision seems to condemn the order now appealed from. So the case of *McLean* v. *Stewart* (21 Sup. Ct. N. Y. [14 Hun], 472) was one where an action had been tried before a judge without a jury, a decision made and judgment thereon entered. Afterwards the same judge, on motion, changed his decision and judgment as to a small part of the amount involved. The General Term held that he could not do this; that the change might be proper, but that it related to the merits, and could only be made upon a rehearing or after review by an appellate court. That case is closely analogous to the present. There is no question that Carpenter might have moved for a new trial, on the ground of surprise, newly discovered evidence and the like. If he had had a new trial, the question of what expenses he had paid and whether they were reasonable would have been tried on common-law proof. Of the right to such a trial his opponent has been deprived. Probably (though we express no opinion on that point) the facts set up in his affidavits would justify a court in granting him a new trial on the usual terms. But that is not the relief he has obtained. He has procured an order which varies the findings of fact in one respect; which finds new facts, and which adopts a principle of law not contained in the decision, and which changes the judgment. It varies the findings, because it finds that Carpenter had $2,786.37 in his hands instead of $2,500. It makes new findings of fact, because it finds that he incurred expenses, $430.77, and has suffered a judgment for $335.50. It adopts a principle of law not contained in the former judgment,

because it holds that his expenses and this judgment recovered are to be deducted; and it changes the judgment by reducing the amount.

Now, it is very possible that if these questions had been tried by court the court would have properly come to the result shown in the order. The difficulty is that these matters were not tried, or if tried the court came to the result stated in the decision which is contained in the judgment. In fact the judgment in favor of Rockwell was not recovered until the judgment in the present case was recovered. So that the Rockwell judgment allowed by the order as a deduction was not in existence in October, 1880, when this case was tried. The court, therefore, modifies the result of a case tried in October, 1880, by the fact that a judgment was recovered in March, 1881.

There is another objection to this order. The complaint in this action states that Carpenter at the commencement of the action had in his hands about $2,500 avails of the property assigned. This allegation, with others, the answer admits, denying the alleged fraud. The plaintiff therefore, as his claim amounted to less than this sum, had no occasion to show, except by this admission, what Carpenter had, and the justice who tried the case probably adopting the admission found that Carpenter had $2,500 proceeds of the assignment at the commencement of the action. Thus we have an admission of the defendant of the very point on which the Special Term, upon affidavits, has altered the decision and judgment.

In brief this is not the case of a clerical mistake; it is the case of alleged error in findings of fact and of law. The error can be remedied only on appeal or on a new trial granted for good cause and on the usual terms.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs. This is without prejudice to any motion which Carpenter may make for a new trial if he be so advised.

BOARDMAN, J. (dissenting):

Carpenter was the assignee of H. & H. under a general assignment for the payment of their debts. After he had taken possession of the assigned property, Rockwell and others brought the action first above entitled against him in replevin for certain prop-

erty. Carpenter retained the same by giving the requisite bond. Some months after, Peters, who had been appointed the receiver of the property of H. & H., brought the action secondly above entitled against Carpenter and H. & H., to set aside the assignment as fraudulent. Both actions were tried before Mr. Justice LANDON and both were decided March 5, 1881. Judgment in the first action was rendered against Carpenter for $334.50 damages and costs, and in the second action for $2,196.17 damages and costs. On the 19th of April, 1881, Mr. Justice LANDON corrected the latter judgment by reducing the assets in Carpenter's hands to be accounted for and paid over to the receiver, so far as was right and proper by reason of the judgment recovered by Rockwell against Carpenter to be paid out of the same assets. A further reduction was also made for expenses incurred by Carpenter as assignee after the assignment and before the commencement of the second action. The evidence upon the trial was in part the same in both actions and both related to the same assigned property. This correction was made because the judge recalled the facts and saw that by inadvertence he had omitted to make the proper credits to the defendant Carpenter, due to him when the two cases were decided. The evidence upon the trial is not returned to us. By this amendment the moneys going into the hands of the receiver are not sufficient to satisfy in full the judgments represented by him, and therefore he appeals from the order modifying the judgment.

There are no facts to justify this court in reversing this order as a matter of discretion if we have that power. (*Butler* v. *Niles*, 28 How., 181.) The Rockwell judgment is plainly entitled to be paid out of the assigned property in preference to the receiver's judgment. That fact was patent to the judge who tried both cases at the same time. Nothing but inadvertence caused the judge to omit to make such deduction before stating the amount which the receiver should recover. Carpenter was also allowed the amount of his expenses incurred before the receiver's action was begun. These allowances were proper in themselves, and were, in the discretion of the court, based upon facts within its knowledge from the proceedings and evidence in the case.

The real question to decide is, whether the court at Special Term, on motion, had the *power* to correct the judgment roll as was done,

the judge who directed the judgment and made the order being the same, and the correction made being founded upon a mistake and omission made by the judge himself in directing judgment.

Every court, it is believed, has inherent power to correct mistakes, irregularities or omissions due to its inadvertence or the neglect or carelessness of its officers, whenever it is in furtherance of justice and the rights of third parties are not affected thereby. Each case, however, must to some extent be left to the sound judgment of the court, as says Lord KENYON in *King* v. *Mayor, etc.* (7 T. R., 699). The question is discussed and cases reviewed in note to *Chichester* v. *Cande* (3 Cow., 42). In *Mechanics' Bank* v. *Minthorne* (19 J. R., 244) the satisfaction of a judgment was set aside and the damages reassessed, to correct a mistake made by the clerk in the computation of interest, the court saying: " We have no doubt of our power to set aside the satisfaction entered, as well where there is a clear mistake as in a case of fraud." To the same effect is *Lawrence* v. *Cornell* (4 Johns. Ch., 545.) In *Pettigrew* v. *Mayor, etc.* (17 How., 493) it is said, " a mutual and fundamental mistake of the very basis of the contract" on which the judgment was recovered " is ample ground for relief," and no doubt of the power of the court was entertained. *Levy* v. *Joyce* (1 Bosw., 622) has some points of similarity to the one at bar. The mode in which relief from a judgment in case of mistake or excusable default may be obtained is in the discretion of the court. (*McCall* v. *McCall*, 54 N. Y., 541.) The powers of the court exist, over and beyond the Code, which will be exercised in proper cases. (*Dinsmore* v. *Adams*, 49 How., 238.) Totally defective judgments have often been amended *nunc pro tunc*, as to mistakes of officers of the court. (*Neele* v. *Berryhill*, 4 How., 16; *Cook* v. *Whipple*, 55 N. Y., 151, 166, and cases cited.) Matters which would have been inserted as a matter of course, if attention to them had been asked at the hearing, may be corrected on motion. (*Clark* v. *Hall*, 7 Paige, 383.) In *Kamp* v. *Kamp* (59 N. Y., 215–220) Judges ALLEN and GROVER say jurisdiction ends with a final judgment, " except * * * to correct any mistakes in the record, upon proper application made within a reasonable time." The court by which a judgment is pronounced may correct or modify it. (*N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id., 357, 361.)

In the case of *McLean* v. *Stewart* (14 Hun, 472) the change made in the judgment was not justified by any evidence given upon the trial, nor did the judge make any mistake or omission in respect to the facts and law found by him on such evidence when he decided the case. In that respect it is very different from the case in hand, where the judge certifies that he made a mistake in rendering his decision. But *McLean* v. *Stewart* recognizes *Mechanics' Bank* v. *Minthorne* (*supra*) as authority.

The courts have frequently held that the granting or refusing costs in equity cases will not be corrected, on motion, as a mistake, because if the judgment be wrong in that respect it is a judicial mistake and must be corrected, if at all, upon appeal. Of course no decision holds that a judicial mistake can be corrected by motion or petition before the same or another judge. The present is not a judicial mistake. Not being a judicial mistake it may be corrected by the inherent power possessed by the court, or, as I think, by the power conferred by sections 723, 724 of the Code of Civil Procedure. (Sec. 173 of Code of Pro.; *Hotaling* v. *Marsh*, 14 Abb., 161, 165.)

Upon a careful study of the cases we are of the opinion that the court possessed the power to make the amendment complained of, and that there is nothing in the facts presented for our consideration which would justify this court in interfering with the discretion so exercised.

We think the order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, without costs.