In re Title of Palmyra Island, 21 Haw. 431.

# IN THE MATTER OF THE APPLICATION OF HENRY E. COOPER TO REGISTER AND CONFIRM HIS TITLE TO PALMYRA ISLAND.

### APPEAL FROM COURT OF LAND REGISTRATION.

ARGUED FEBRUARY 10, 1913.                    DECIDED FEBRUARY 18, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

RECORDS—*registration of title to land—nature of proceeding—unassigned dower.*

A proceeding to bring land under the statute providing for the registration of titles partakes of the nature of a suit in equity, and the court of land registration has power to decree in whom the title or any interest, legal or equitable in land is vested, whether in the applicant or in any other person. The court, in the exercise of its powers, will recognize the right and power of a widow over her unassigned dower, and will sustain her contracts in relation thereto, when fairly made, and will also protect the rights of the assignee of such dower.

EQUITY—*amendment of decree by motion.*

A decree, if the right has not been lost by negligence, or by unreasonable delay, may be amended on motion as to mere clerical errors, or by the insertion or striking out of any matter which would have been inserted or omitted as a matter of course if it had been asked for at the hearing as necessary or proper to carry into effect the decision of the court.

### OPINION OF THE COURT BY DE BOLT, J.

The applicant, Henry E. Cooper, having filed his application in the court of land registration to register and confirm his title to Palmyra Island, Henry Maui and Joseph K. Clark appeared and filed notice therein to the effect that they claimed a certain interest in the island; that they protested against an unqualified title being registered and confirmed in the applicant; and that it was their intention to contest the application at the hearing.

Upon the hearing being had a decree was entered on October 4, 1912, declaring that the applicant was the owner in fee sim-

ple of the island, and that his title to the same be registered and confirmed, subject, however, to any of the subsisting incumbrances mentioned in section 2432 of the Revised Laws, "and subject also to the dower interest of Annie Ringer, now held by Henry Maui and Joseph K. Clark, to one-third of the estate of William Ringer, or, in other words, a life interest in an undivided one-ninth of the island."

It appears from the record that William Ringer, deceased, formerly owned an undivided one-third interest in the island, which interest the applicant acquired, subject, however, to the dower interest of Annie Ringer, the widow of the deceased; and that on April 30, 1912, the widow executed a deed to Henry Maui and Joseph K. Clark purporting to convey to them her dower interest in the undivided one-third of the island formerly owned by her husband, which dower interest had not been assigned or set apart to her.

On October 15, 1912, eleven days after the decree was entered, the applicant filed and presented to the court below the following motion: "Now comes the applicant herein and moves that the decree heretofore rendered in this proceeding be amended by striking out the words, 'and subject also to the dower interest of Annie Ringer now held by Henry Maui and Joseph K. Clarke, to one-third of the estate of William Ringer, or, in other words, a life interest in an undivided one-ninth of the island,' and for cause shows as follows: That at the time of the rendition of said decree the said Henry Maui and Joseph K. Clarke had no interest in and to a life interest in an undivided one-ninth of the island, and in fact and law had no interest whatsoever in and to the real estate mentioned in said decree."

The court denied this motion, from which ruling the applicant appealed.

Counsel for the contestants contends that the motion was properly denied for two reasons, (1) "for the reason that the ground of the requested amendment was one which should have

been urged at the trial and that as it had not been presented at the trial it was too late to come in eleven days after the entry of the decree and ask by motion to have the decree amended so as to accomplish the very point which it had been sought to accomplish by the petition," and (2) for the reason that "an assignee of an unadmeasured dower interest will be protected in equity, and hence in the court of land registration."

The applicant contends that "there was no way in which to reach the situation except by a motion to amend," and "complains of the incumbrance set out in the final decree and certificate and suggests that the same is not warranted by the facts and that it presents an impossible status from a legal standpoint." He further contends that "an unadmeasured right of dower cannot be sold or transferred, and the widow is not a tenant in common with the heir or owner of the fee;" that "the widow's right of dower rests in action only and for that reason she cannot be awarded a life estate in an undivided one-ninth of the island;" and that "the conveyance to Maui and Clark carried with it no title either legal or equitable and they are not entitled to the benefit of the provisions in the decree."

With regard to the contention of the applicant, that "the conveyance to Maui and Clark carried with it no title, legal or equitable," we deem it unnecessary to determine whether the "conveyance" passed the legal title or not. Whatever the legal rights or power, as contradistinguished from the equitable rights or power, of a widow over her unassigned dower interest may be, we need not say. The authorities, however, are practically unanimous that equity recognizes the right and power of a widow over her unassigned dower, and will also protect the rights of the assignee of such dower interest.

Scribner on Dower, after citing and commenting upon numerous cases on this subject, says: "The doctrine of these cases, recognising the power of equity to enforce the contract of a widow for the sale of her dower interest, when fairly made, and to protect the assignee in his rights, seems both reasonable

and just, and is undoubtedly supported by the weight of authority." 2 Scribner on Dower, 45, 47.    See also *Strong* v. *Clem,* 12 Ind. 37; *Reeves* v. *Brooks,* 80 Ala. 26; *Robie* v. *Flanders,* 33 N. H. 524.

The court of land registration has power to "decree in whom the title or any interest, legal or equitable in land is vested, whether in the applicant or in any other person." Act 11, Laws 1909, section 5; *Paahao* v. *Swinton,* 20 Haw. 355, 357. We held *In re Title of Pa Pelekane,* ante 175, 178, that "A proceeding to bring land under the operation of the law providing for the registration of titles is of the nature of a suit in equity, and the rules of equitable procedure generally apply."

The dower interest in question is an incumbrance which it was proper to make mention of in the decree.    Section 2433, R. L.

With regard to the respective interests of the various parties in the island, it is clear that the widow's dower can only be an incumbrance on the undivided one-third which was formerly owned by her husband, and that the other two-thirds are free from such incumbrance.    Hence, it was inaccurate for the court to insert in its decree the declaration that the widow's dower was "a life interest in an undivided one-ninth of the island."    This declaration for another reason is inaccurate. If standing alone, it might be taken to constitute the assignees of the dower interest tenants in common with the applicant; but it is clear that a dowress is not a tenant in common with the heir or owner of the fee.    *Paulo* v. *Malo,* 4 Haw. 536.    The provisions of our statute, however liberal (Sec. 2277, R. L.), do not give the widow all of the rights of a tenant in common. The inaccuracy, however, was obviously inadvertent and may, upon the motion already presented by the applicant, be corrected by the trial court.

A decree, if the right has not been lost by negligence, or by unreasonable delay, may be amended on motion as to mere clerical errors, or by the insertion or striking out of any matter

In re Title of Palmyra Island, 21 Haw. 431.

which would have been inserted or omitted as a matter of course if it had been asked for at the hearing as necessary or proper to carry into effect the decision of the court. 2 Beach, Mod. Eq. Pr., §§831-851; 16 Cyc. 504; *Clark* v. *Hall,* 7 Paige 382, 384; *Lawrence* v. *Cornell,* 4 Johns. Ch. 545. There was no negligence or unreasonable delay on the part of the applicant in the presentation of his motion, and the amendment sought was, in part, permissible by motion.

The motion as presented, it will be observed, extended to matters of substance, but it should have been granted as to the objectionable declaration last above quoted and other appropriate words inserted in lieu thereof so as to make the decree conform to the facts, as well as to the true interests of the respective parties.

The order denying the motion to amend the decree is reversed, and the cause is remanded with directions to the court to amend the decree in conformity with the views herein expressed, and for such further proceedings as may be necessary, not inconsistent with this opinion.

Applicant filed briefs but did not appear personally.

*Wade Warren Thayer* for contestants.

